ERWIN CLAPP, Respondent, v EASTERN ROCK PRODUCTS, INC., Defendant, and KOPPERS COMPANY, INC., Appellant.— Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Special Term erred in denying defendant Koppers' motion for summary judgment. Koppers is not an "owner" or "contractor" within the meaning of Labor Law § 240 (1) and § 241 (6). Plaintiff was injured when he fell from an elevated walkway while engaged in the installation of a conveyer belt at the plant owned by his employer, defendant Eastern Rock Products, Inc. Eastern

Rock Products is a wholly owned subsidiary of defendant Koppers Company, Inc. Plaintiff predicates Koppers' liability on the grounds that it violated Labor Law §§ 240 and 241. Plaintiff asserts that Koppers was either an owner or a contractor within the meaning of those sections. It is uncontroverted, however, that Koppers is not an owner. Eastern Rock owned both the land and building where the accident occurred. On appeal plaintiff contends that a question of fact exists whether Koppers is a contractor within the meaning of these sections. We disagree.

No contract existed between defendant Eastern Rock and defendant Koppers for Koppers to undertake this construction project or to hire subcontractors for the project. Further, there is no evidence that Koppers was obligated by any contract, either expressed or implied, to coordinate or supervise the various trades on the construction project, or to provide a safe workplace (see, Kenny v Fuller Co., 87 AD2d 183, 188-190). Indeed, the record does not show that there were any contractors involved in this project but, rather, shows that the work was performed solely by employees of Eastern Rock. Since Koppers had no contract to supervise or coordinate the construction project, it cannot be deemed a "contractor" within the meaning of Labor Law §§ 240 and 241 (cf., Kenny v Fuller Co., supra). Further, the mere facts that, as part of Koppers' interrelationship with its subsidiary, it approved the capital expenditures for the construction project and provided general safety information to its subsidiary, do not raise a triable issue on the question of whether it is a contractor within the meaning of these sections. (Appeal from order of Supreme Court, Oneida County, Grow, J.—summary judgment.) Present —Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.